# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| v. | |
| **MIGUEL ORTIZ**, also known as "**MIGUELITO**," "**Miguel ORTIZ ROSADO**," "**MIGUEL ROSADO ORTIZ**," "**MIGUELINE**," and "**TONTO**" | **NO. 11-251-08** |

DuBois, J.                                                                                                           August 20, 2018

## M E M O R A N D U M

### I. INTRODUCTION

Presently before the Court is the *pro se* Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) ("Motion") filed by defendant Miguel Ortiz ("defendant"). Defendant seeks reconsideration of the Court's Memorandum and Order dated July 3, 2018, denying defendant's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). For the reasons set forth below, defendant's Motion for Reconsideration is denied.

### II. BACKGROUND

The facts of defendant's conviction and sentence are set forth more fully in the Court's Memorandum and Order dated July 3, 2018; those facts may be summarized as follows:

Defendant's sentence and conviction arise from the activities of a drug trafficking group ("DTG") led by Nelson Rodriguez operating out of a warehouse at 3075 Jasper Street in Philadelphia, Pennsylvania (the "Jasper Street Warehouse"). Between the fall of 2008 and March 30, 2011, defendant, along with one other individual, Jesus Ramirez-Ortega, supplied the DTG with over 300 kilograms of cocaine. The DTG purchased the cocaine from defendant on

consignment, sold the cocaine to local drug dealers at the Jasper Street Warehouse and other locations, and then paid defendant from the proceeds.

Following an investigation by the Drug Enforcement Agency, a Grand Jury in the Eastern District of Pennsylvania returned a ten-count Fourth Superseding Indictment against defendant and Ramirez-Ortega[1] on February 27, 2013, including counts for drug offenses in violation of 2l U.S.C. §§ 84l(a)(l), (b)(1)(A), and 846, and 18 U.S.C. § 860(a), and money laundering in violation of 18 U.S.C. § 1957.

On May 11, 2012, defendant filed a Motion to Preclude Testimony from two DEA agents regarding lost surveillance footage that showed defendant arriving at and leaving the Jasper Street Warehouse. The Court denied that Motion by Memorandum & Order dated January 7, 2013.

On April 9, 2013, defendant proceeded to trial before a jury. On April 26, 2013, defendant was convicted on one count of conspiracy to distribute more than five kilograms of cocaine, two counts of distribution of more than five kilograms of cocaine, one count of distribution of more than five kilograms of cocaine within 1,000 feet of a school, and three counts of money laundering.

Following his conviction, defendant timely appealed to the United States Court of Appeals for the Third Circuit, raising, *inter alia*, the same challenge to the admission of the agents' testimony based on the lost surveillance footage. Defendant argued, in part, that the agents' testimony was "infected by hearsay" and was unfairly prejudicial under Federal Rule of Evidence 403. *United States v. Ortiz*, 654 F. App'x 564, 568 (3d Cir. 2016). On July 15, 2016, the Third Circuit affirmed defendant's conviction and sentence. *Id.*

---

[1] Ramirez-Ortega was not involved in the proceedings addressed in this Memorandum and Order or the Court's July 3, 2018, Memorandum and Order.

On September 22, 2017, defendant timely filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On May 18, 2018, defendant filed an additional brief in support of his § 2255 Motion. Defendant argued, *inter alia*, that the Government withheld exculpatory material in violation of *Brady v. Maryland,* 373 U.S. 83 (1963), by not providing the defense with the lost surveillance footage. Defendant also argued that his counsel was ineffective under the requirements of the Sixth Amendment for a variety of alleged errors, including failure to raise the alleged *Brady* violation on appeal. The Court rejected defendants' arguments in a Memorandum and Order dated July 3, 2018. In that Memorandum and Order, the Court concluded that defendant failed to support his claim that the lost surveillance footage would have been exculpatory under *Brady*. The Court also determined that, because there was no underlying *Brady* violation, counsel was not ineffective for failing to raise the *Brady* issues on appeal.

On July 30, 2018, defendant timely filed a *pro se* Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). In his Motion, defendant argues that the decisions of the United States Supreme Court in *Rosales-Mireles v. United States*, 138 S. Ct. 1897 (2018), on June 18, 2018, and in *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018), on May 14, 2018, constitute intervening changes law warranting reconsideration. For the reasons stated below, the Court rejects defendant's arguments.

### III.   LEGAL STANDARD

A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "must be based on one of three grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice.'" *Garza v. Citigroup Inc.*, 724 F. App'x 95, 101 (3d Cir. 2018) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666,

669 (3d Cir. 2010) (per curiam)). The scope of a motion for reconsideration is "extremely limited" and should not be used to relitigate the case. *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). Consequently, a motion for reconsideration "addresses only factual and legal matters that the Court might have overlooked." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation omitted). In other words, "a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

## IV. DISCUSSION

The Court denies defendant's Motion for two reasons:

First, neither of the cases cited by defendant constitutes an "intervening" change in law. Both *Rosales-Mireles v. United States* and *McCoy v. Louisiana* were decided before the Court issued its July 3, 2018, Memorandum and Order denying defendant's § 2255 Motion; *McCoy* in particular was decided before defendant filed his May 18, 2018, brief in support of his § 2255 Motion. A motion for reconsideration is not an opportunity "to present a better and more compelling argument that the party could have presented in the original briefs." *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005); accord *Wootten v. Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016). Defendant could have cited *Rosales-Mireles* and *McCoy* in support of his § 2255 Motion, but failed to do so. Consequently, those cases are not "intervening" changes in law and do not provide grounds for granting defendant's Motion for Reconsideration.

Second, neither *Rosales-Mireles* nor *McCoy* is relevant to the issues presented in this case. For an intervening change in law to be "controlling" under Rule 59(e), it must be "relevant" to the arguments raised in the case. *In re Certain Consol. Roflumilast Cases*, No. 15-

cv-03375, 2017 U.S. Dist. LEXIS 84970, at *9 (D.N.J. June 2, 2017); *cf. Norris v. Brooks*, 794 F.3d 401, 405 (3d Cir. 2015) (stating that it is "an unstated but critical premise" that "a change in the law doesn't even begin to support a Rule 60(b) motion unless the change is actually relevant to the movant's position."). A court "will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." *Caldwell* v. Miner, No. 05-cv-04972, 2006 U.S. Dist. LEXIS 58494, at *5 (D.N.J. Aug. 7, 2006) (internal citation omitted).

Neither *Rosales-Mireles* nor *McCoy* would have altered the Court's conclusions in its July 3, 2018, Memorandum and Order. In *Rosales-Mireles*, the Supreme Court stated that, on direct appeal, the Courts of Appeals must "ordinarily" consider a "plain" error committed by the district court in calculating a sentence under the United States Sentencing Guidelines if the error "affects [a defendant's] substantial rights." 138 S. Ct. at 1908. In *McCoy*, the Supreme Court ruled that "counsel may not admit her client's guilt of a charged crime over the client's intransigent objection to that admission." 138 S. Ct. at 1510. The *McCoy* court noted that "some decisions . . . are reserved for the client—notably, whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal." *Id.* at 1508.

Those decisions are inapplicable to this case. The Court did not commit a plain error in calculating defendant's sentence[2] as in *Rosales-Mireles* and counsel did not admit to defendant's guilt as in *McCoy*. Both of those cases involved direct appeals and do not address the standards

---

[2] Defendant argues that the Court erred at sentencing by "overlook[ing]" the "multiplicity" of counts charging the same drug distribution—Counts Three and Four of the Fourth Superseding Indictment—for the distribution of five or more kilograms of cocaine on January 28, 2011, and the distribution of five or more kilograms of cocaine within 1,000 feet of a school on that same date. Mot. Recon., Doc. No. 647 at 6-7. The Court rejects this argument because Count Three was withdrawn as a lesser included offense of Count Four by motion of the Government at sentencing. There was no duplication of charges.

a habeas petitioner must meet under § 2255. Further, neither case implicates the substantive issues raised in defendant's § 2255 Motion, including *Brady* and ineffective assistance of counsel issues. Similarly, defendant's argument that *Rosales-Mireles* and *McCoy* are applicable to counsel's concession on appeal that "the loss of the [surveillance] recordings was accidental" is unavailing. Mot. Recon., Doc. No. 647 at 6, 9. Counsel's concession came only after extensive litigation of that issue and an adverse ruling before and during trial and does not constitute either a plain error under *Rosales-Mireles* or a concession of "guilt" under *McCoy*.

## V.  CONCLUSION

For the foregoing reasons, the Court denies defendant's *pro se* Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e). A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or the propriety of this Court's procedural rulings with respect to defendant's claims. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). An appropriate order follows.